(Reap. Dec. 10142)

QUON QUON COMPANY v. UNITED STATES

Entry No. 16321, etc.

(Decided January 18, 1962)

*Stein & Shostak* for the plaintiff.
*William H. Orrick, Jr.,* Assistant Attorney General, for the defendant.

DONLON, Judge: The appeals for reappraisement listed in schedule A and schedule B, attached to and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court:

1. That with respect to the appeals for reappraisement enumerated in the attached Schedule of Cases marked Schedule A, at the time of exportation of the merchandise covered by the entries and invoices the subject of said suits, the market values or the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit values, less cartage, lighterage, coolie hire and handling charges, ocean freight and petty expense, packed.

2. That with respect to the appeals for reappraisement enumerated in the attached Schedule of Cases marked Schedule B, at the time of exportation of the merchandise covered by the entries and invoices the subject of said suits, the market values or the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantity and in the ordinary course of trade, for exportation to the United States, including the cost of all

containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoiced unit values, plus packing, as invoiced.

3. That there were no higher foreign values for merchandise such or similar to the merchandise covered by the appeals for reappraisement enumerated in the attached Schedule of Cases marked Schedule A and Schedule B at the time of exportation thereof.

4. That the appeals for reappraisement enumerated in the attached Schedule A and Schedule B may be deemed submitted for decision on the foregoing stipulation.

Accepting this stipulation as a statement of facts, I find and hold:

1. That export value, as defined in section 402 of the Tariff Act of 1930, as amended, is the proper basis for determination of the values of the merchandise covered by the appeals for reappraisement listed in schedule A and schedule B.

2. That the export values of the merchandise described in the entries and invoices covered by the appeals listed in schedule A, are the invoice unit values, less cartage, lighterage, coolie hire and handling charges, ocean freight, and petty expense, packed, all as shown on the invoices which are included in the official papers filed with the court in the several suits.

3. That the export values of the merchandise described in the entries and invoices covered by the appeals listed in schedule B, are the invoice unit values, plus packing, as invoiced.

Judgment will be entered accordingly.